UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ATKA ARI,<br><br>    Plaintiff,<br><br>    v.<br><br>MONA HOUSTON, et al.,<br><br>    Defendants. | Case No. 22-cv-02515-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. Nos. 3, 4 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff's allegations are difficult to discern. She states that people stole her property through forgery in 1973, she was illegally prosecuted and imprisoned, she has been forcibly medicated and that there is an illegal conspiracy to overthrow the government. Plaintiff's allegations are frivolous and fail to state a claim. Because no amount of amendment would cure the deficiencies of the complaint, this action is dismissed without leave to amend. If plaintiff seeks to raise claims regarding the medical care or other treatment at her prison, she should file a case in the Central District of California where she is incarcerated.

**CONCLUSION**

1. This action is **DISMISSED** without leave to amend for failure to state a claim and as frivolous. Plaintiff's motions (Dkt. Nos 3, 4) are **DENIED**.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: May 10, 2022

JAMES DONATO
United States District Judge